LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
HYUNDAI MERCHANT MARINE CO. LTD.
Kevin J. Lennon (KL 5072)
Charles E. Murphy (CM 2125)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
HYUNDAI MERCHANT MARINE        :    07 Civ_____ (   )
CO. LTD.,                      :
                               :
               Plaintiff,      :    **ECF CASE**
                               :
     - against -               :
                               :
DALIAN TIGER SHIPPING LIMITED, :
                               :
               Defendant.      :
------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, HYUNDAI MERCHANT MARINE CO. LTD. (hereinafter referred to as "HMM" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint against the Defendant, DALIAN TIGER SHIPPING LIMITED (hereinafter referred to as "DALIAN" or Defendant) alleges, upon information and belief, as follows:

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Korea.

3. Upon information and belief, Defendant DALIAN was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a place of business in Dalian, China.

4. By a charter party dated July 2, 2007 HMM, as disponent owner, chartered the commercial motor vessel TERN (hereinafter referred to as the "vessel") to DALIAN.

5. The terms of the charter party required vessel hire at a daily rate of $39,600 to be paid by DALIAN 15 days in advance and first hire payment to be made within three (3) days of delivery of the vessel by HMM to Dalian. In addition, the first hire payment was to include the value of the fuel oil, or bunkers, on board the vessel at the time of vessel delivery.

6. The charter party was for a duration of one time chartered trip intended for the carriage of a cargo of nickel ore that was safe to load onboard the vessel and to be carried from the Philippines to China.

7. HMM delivered the vessel to DALIAN on July 8, 2007 in conformity with its obligation under the charter party.

8. DALIAN furnished the vessel Master with instructions to proceed to Surigao, Philippines to load a cargo of 46,000 metric tons of nickel ore in bulk.

9. Although the vessel proceeded to Surigao as instructed and thereat tendered a valid Notice of Readiness on July 10, 2007 no cargo was ever delivered to the vessel by DALIAN.

10. DALIAN failed to pay the hire due and payable to HMM within three (3) following vessel delivery.

11. On July 17, 2007 HMM demanded that DALINA pay outstanding hire but DALIAN refused to pay hire due and payable to HMM.

12. On July 19, 2007 HMM accepted DALIAN's repudiatory breach of the charter party thereby ending the charter party.

13. In reasonable mitigation of its damages caused by DALIAN's breach as aforesaid, HMM chartered the vessel to non-party China National Chartering Corporation although it sustained loss thereby as the daily hire rate under the substitute fixture was $37,000 per day rather than the $39,600 HMM expected to earn under the HMM-DALIAN charter party.

14. As a result of DALIAN's aforesaid breach of the charter party, HMM has sustained damages in the total principal amount of $617,410, exclusive of arbitration costs and attorneys fees.

15. The aforesaid charter party provides that disputes will be settled in London arbitration with English law to apply. London arbitration has been commenced, an arbitration panel has been duly constituted, and on September 6, 2007 HMM served Points of Claim on Dalian.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings applying English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

    A. On the principal claim: $617,410;

        [Unpaid hire: $477,235]
        [Bunkers consumed: $48,555]
        [Increased bunkering costs: $1,620]
        [Port charges at Surigao: $25,000]
        [Hire differential - substitute charter: $65,000]

    B. 3 years of interest at 7% per annum: $143,037;

| | | |
|---|---|---|
| C. | Arbitration costs: | $50,000; and |
| D. | Arbitration legal fees: | $100,000. |
| **Total:** | | **$910,447.** |

17. Upon information and belief and following a good faith investigation, Plaintiff avers that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

18. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

19. The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming London arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $910,447.

4

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$910,447** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any London arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

5

Dated: Southport, CT
      September 13, 2007

                                        The Plaintiff,
                                        HYUNDAI MERCHANT MARINE CO. LTD.

                                        By: _____
                                        Kevin J. Lennon (KL 5072)
                                        Charles E. Murphy (CM 2125)

                                        LENNON, MURPHY & LENNON, LLC
                                        The Gray Bar Building
                                        420 Lexington Ave., Suite 300
                                        New York, NY 10170
                                        Phone (212) 490-6050
                                        Fax (212) 490-6070
                                        kjl@lenmur.com
                                        cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                      )    ss.:    Town of Southport
County of Fairfield )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     Southport, CT
               September 13, 2007

                                             _/s/ Kevin J. Lennon_
                                               Kevin J. Lennon